**ALD-128**                                                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1112
_____

IN RE:  MICHAEL WEST,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:13-cv-05339)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 9, 2017

Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 28, 2017)
_____

OPINION*
_____

PER CURIAM

    Federal prisoner Michael West, proceeding pro se, seeks a writ of mandamus in

connection with his 28 U.S.C. § 2255 proceedings in the United States District Court for

the District of New Jersey.  For the reasons that follow, we will deny West's mandamus

petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

I.

In 2013, West filed a pro se § 2255 motion in the District Court, attacking his conviction and sentence for child pornography offenses.[1] That matter was assigned to the Honorable Claire C. Cecchi. On or about January 9, 2017 (at which point West's § 2255 case was still pending before the District Court), West filed this mandamus petition. Therein, he appeared to touch upon an argument undergirding one of his § 2255 claims, and he complained about the Government's conduct in his § 2255 proceedings (asserting that the Government had caused "undue delay"). West asked that we direct Judge Cecchi to recuse herself (pursuant to 28 U.S.C. §§ 455(a) or (b)(1)) or vacate his illegal sentence "without undue delay." He also appeared to ask that we direct Judge Cecchi to hold an evidentiary hearing on his § 2255 claims. On January 17, 2017, Judge Cecchi denied West's § 2255 motion without an evidentiary hearing and closed the case.[2] On February 16, 2017, the District Court docketed a notice of appeal from West challenging that order. That appeal is pending before our Court. See C.A. No. 17-1376.

II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

---

constitute binding precedent.

[1] West subsequently made multiple amendments to his § 2255 motion.

[2] Although the January 17, 2017 order stated that West's § 2255 motion was denied "without prejudice," it appears from the analysis in the accompanying opinion that a denial *with* prejudice might have been intended there. But regardless of whether that denial was with or without prejudice, we conclude that mandamus relief is not warranted

2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

West has not made that showing here. To the extent that his references to "undue delay" could liberally be construed as seeking an order compelling Judge Cecchi to rule on his § 2255 motion, such a request is now moot in light of her January 17, 2017 order. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). To the extent that his petition seeks an evidentiary hearing and the vacatur of his sentence, asserts any of his § 2255 claims, and complains about the Government's conduct during the § 2255 proceedings, a mandamus petition is not the proper vehicle for pursuing these issues. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"). Lastly, to the extent that he seeks Judge Cecchi's recusal, that request (if not mooted by her closure of his case) does not justify mandamus relief because he has not demonstrated that recusal is warranted. Indeed, West has not established that Judge Cecchi's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a); nor has he shown that she "has a personal bias or prejudice" against him, or that

---

here for the reasons given in Section II.

3

she has "personal knowledge of disputed evidentiary facts" at issue in his § 2255 case, 28 U.S.C. § 455(b)(1).

In light of the above, we will deny West's mandamus petition.